UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY LEE COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:17-cv-734-DDN |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Larry Lee Coleman, a state prisoner, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Having carefully considered the instant petition, this Court has determined that it must be dismissed.

### **Background**

Petitioner is presently incarcerated at the Jefferson City Correctional Center, pursuant to a 1999 state court judgment of conviction. Petitioner originally commenced this action in the United States District Court for the Western District of Missouri. By order dated February 10, 2017, petitioner was granted leave to proceed *in forma pauperis*, and the action was transferred here. (Docket No. 5).

In 2005, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this District Court, challenging his 1999 conviction and sentence. That petition was denied on May 6, 2008 following the determination that the claims petitioner raised were either procedurally barred or meritless. *See Coleman v. Roper*, 4:05-cv-613-TCM (E.D. Mo. May 6,

2005) (hereafter "Coleman I").[1]  In the instant petition, petitioner seeks to challenge the same 1999 state court conviction and sentence he challenged in Coleman I.

## Discussion

The remedy provided by 28 U.S.C. § 2241 is not available to petitioner.  Because he is in state custody pursuant to the judgment of a state court, he "can only obtain habeas relief through § 2254, no matter how his pleadings are styled."  *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001).  Petitioner also indicates his intention to seek relief pursuant to 28 U.S.C. § 1651.  However, § 1651, the "All Writs Act," is unavailing, inasmuch as the relief petitioner seeks is addressed by § 2254.  The United States Supreme Court has explained that:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 43 (1985).

Under different circumstances, the Court may have construed the instant petition as one brought pursuant to § 2254 and entertained it as such, or may have given petitioner leave to amend his petition to seek relief under § 2254.  However, these options are not available here.  Petitioner already challenged his 1999 conviction and sentence in Coleman I, and his current claims for relief were brought, or could have been brought, in that case.  Therefore, if petitioner were presently seeking (or deemed to seek) relief pursuant to § 2254, his petition would be a "second or successive petition."  *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (a later

---

[1] Following the dismissal of his petition in Coleman I, petitioner filed a motion for rehearing, which was denied, and then filed a notice of appeal in the Eighth Circuit Court of Appeals.  On October 28, 2008, the Court of Appeals denied petitioner a certificate of appealability.  On January 26, 2009, petitioner filed a "motion for relief" in the District Court, which was denied.  Petitioner appealed such denial to the Court of Appeals, which affirmed the District Court's decision.

petition is second or successive when it raises a claim that was raised, or that could have been raised, in the earlier petition).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a district court cannot entertain a second or successive application for writ of habeas corpus filed by a state prisoner unless the prisoner first obtains an order from the appropriate court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *Cox v. Norris*, 167 F.3d 1211, 1212 (8th Cir. 1999). Petitioner has not done so here, and he cannot avoid the AEDPA's rules by captioning the instant petition as one brought pursuant to a different statute. *See Melton v. U.S.*, 359 F.3d 855, 857 (7th Cir. 2004) (a prisoner cannot circumvent the AEDPA's rules via "inventive captioning"); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (a pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857.

In sum, relief is not available to petitioner under § 2241 or § 1651, and this Court would be unable to entertain the petition were it brought (or deemed brought) pursuant to § 2254. Finally, the Court declines to issue a certificate of appealability. To issue a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See Tideman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.

1997) (internal citation omitted). Petitioner has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is **DISMISSED**. An Order of Dismissal will be filed herewith.

Dated this 2nd day of March, 2017.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**