UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY LEE COLEMAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) No. 4:17-cv-734-DDN |
| JAY CASSADY, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Relief from Judgment, filed by petitioner Larry Lee Coleman. (Docket No. 10). The motion will be denied.

Petitioner is in state custody pursuant to a 1999 state court judgment. In 2005, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied following the determination that the claims petitioner raised were either procedurally barred or meritless. *See Coleman v. Roper*, 4:05-cv-613-TCM (E.D. Mo. May 6, 2005). In the instant case, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and also sought relief pursuant to 28 U.S.C. § 1651. The Court dismissed the petition after determining that petitioner was not entitled to relief under § 2241 or § 1651. The Court also determined that, to the extent petitioner attempted to seek relief pursuant to 28 U.S.C. § 2254, the petition was subject to dismissal because he had not received authorization from the Eighth Circuit Court of Appeals to file a successive petition. Petitioner now moves for relief from that determination under Rule 60(b)(6), arguing that he should have had an "opportunity to have his case heard on the merits" because he did not have the opportunity to show ineffective assistance of post-conviction counsel, and his former attorney failed to raise certain claims. (Docket No. 10 at 1).

1

Rule 60(b) allows a party to seek relief from a final judgment and request reopening of his case under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). None of those circumstances are present here. Furthermore, to the extent the instant motion can be interpreted as another collateral attack on petitioner's state court criminal conviction or sentence, it is denied because petitioner has not received authorization from the Eighth Circuit Court of Appeals to file a successive petition. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (in addressing Rule 60(b) motions following the dismissal of habeas petitions, the district court should briefly inquire whether the allegations in the motion amount to a successive collateral attack, and if so, should dismiss for failure to obtain authorization from the Court of Appeals). Finally, the Court declines to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Motion for Relief from Judgment (Docket No. 10) is **DENIED**.

Dated this 14th day of March, 2017.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE